Sidney A. Fine, J.
Petitioner, Kew Gardens Hills Housing Association, seeks a review and annulment (CPLR art 78) of respondent, Office of Rent Control’s denial of petitioner’s January 4, 1974 protest of certain orders of Maximum Base Rent issued by the Queens District Rent Director on December 31, 1973. By virtue of the challenged December 31, 1973 orders — contrary to prior practice — rental for garage space utilized by 35 of the 424 apartments in the specified apartment complex, was no longer separately charged to the occupants of those 35 apartments. Rather, the petitioner’s "interest” in the specified garage space was included in the formula utilized by the respondent to determine the apartment complex’s gross building rental, which gross building rental was thereafter allocated among rent controlled accommodations within the apartment complex. Thus respondent appears to justify the challenged December 31, 1973 orders upon the grounds that although specified tenants assigned the limited number of garage spaces no longer pay a separate rent for same, the petitioner is nonetheless still receiving a fair return upon his interest in those spaces, albeit allocated among the rental received from all rent controlled apartments on the premises.
Petitioner contends, inter alia, that the December 31, 1973 orders are violative of a prior protest determination issued by the respondent on October 19, 1967, which specifically reversed the same District Directors for establishing a merged garage and apartment rent and that the challenged orders are arbitrary and capricious. Although the respondent may not be *235 bound by the October 19, 1967 protest determination, due to the innovative character of the Maximum Base Rent program, which was not effective until January 1, 1972, the reasonableness of apportioning among all rent controlled tenants what is essentially rental for garage space assigned to comparatively few apartments appears highly suspect. Under such a program tenants who have no access to the garage space are nonetheless largely subsidizing garage space for the comparatively few tenants who do have access to that space. Although no application is made on behalf of these tenants who are subsidizing garage space for other tenants, the manifest inequity of such a program requires comment.
Furthermore, there is no indication that the petitioner, under the December 31, 1973 orders, is getting a return upon the garage space equivalent to that which it had previously received from segregated rental of those facilities. Even assuming an equivalent return upon the garage space was computed in the Maximum Base Rent, it appears .that the 1Vi% limitation upon annual increases of maximum collectible rents would substantially reduce the actual return upon the specified garage space. It was certainly not the purpose of the Maximum Base Rent program to reduce rental income from rent controlled properties, and to the contrary, it was promulgated to assure an increase of that return so that rent controlled properties might be properly maintained and there would be an incentive for ownership of said properties. Under the circumstances herein, it appears that the petitioner is entitled to receive separate apartment and garage rental, with the garage rental allocated to those apartments assigned access to garage space.
Accordingly, the petitioner’s application is granted to the extent of remanding the matter to the respondent so that such an allocation may be effectuated.